# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 22-1501V

| | |
|---|---|
| KIMBERLY CORPENING,<br><br>            Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: April 24, 2026 |

*Kelly Elizabeth Elder, Martin & Jones, PLLC, Raleigh, NC, for Petitioner.*

*Joseph Douglas Leavitt, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On October 12, 2022, Kimberly Corpening filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on October 31, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 2, 2026, a ruling on entitlement was issued, finding Petitioner entitled to compensation for SIRVA. On April 23, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating that Petitioner should be awarded $60,000.00 for pain and suffering and $13.30 to satisfy the State of North Carolina Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id*. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following compensation:**

a. **A lump sum payment of $60,000.00, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.**

b. **A lump sum payment of $13.30, representing compensation for satisfaction of the State of North Carolina Medicaid lien, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to:**

> **Division of Health Benefits**
> **Office of the Controller**
> **2022 Mail Service Center**
> **Raleigh, NC 27699-2022**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

KIMBERLY CORPENING,

               Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

               Respondent.

No. 22-1501V (ECF)
Chief Special Master Corcoran

**PROFFER ON AWARD OF COMPENSATION[1]**

On October 12, 2022, Kimberly Corpening ("petitioner") filed a petition for

compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1

to -34 ("Vaccine Act" or "Act"), as amended, alleging that she sustained a Shoulder Injury

Related to Vaccine Administration ("SIRVA") following receipt of an influenza ("flu")

vaccination administered on October 31, 2019.  Petition at 1 (ECF No. 1).  On January 24, 2024,

the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report arguing

that compensation was not appropriate.  ECF No. 23.  After briefing, on January 2, 2026, the

Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine

compensation for a Table SIRVA following the flu vaccine she received on October 31, 2019.

ECF No. 32.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after
the Damages Decision is issued.

## I.    Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded the following:

A.  Pain and Suffering

Respondent proffers that petitioner should be awarded **$60,000.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).

B.  Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of North Carolina Medicaid lien in the amount of **$13.30**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of North Carolina may have against any individual as a result of any Medicaid payments the State of North Carolina has made to or on behalf of petitioner from the date of her eligibility for benefits through the date of judgment in this case as a result of her vaccine injury suffered on or about October 31, 2019 under Title XIX of the Social Security Act.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award/Recommended Payment

The parties recommend that compensation provided to petitioner should be made through two lump sum payments as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

a.  A lump sum payment of **$60,000.00** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Kimberly Corpening;[3] and

b.  A lump sum payment of **$13.30**, representing compensation for the satisfaction of the State of North Carolina Medicaid lien, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to:

Division of Health Benefits
Office of the Controller
2022 Mail Service Center
Raleigh, NC 27699-2022

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON
Assistant Director
Torts Branch, Civil Division

s/ *Joseph D. Leavitt*
JOSEPH D. LEAVITT
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
(202) 880-0390

Dated: April 23, 2026        joseph.leavitt@usdoj.gov

---

[3] Petitioner is a competent adult.  Guardianship is not required in this case.

3

## CERTIFICATE OF SERVICE

I certify that today, April 23, 2026, I sent a copy of the foregoing pleading via electronic mail to petitioner's counsel, Kelly Elder, at KEE@m-j.com.

s/ *Joseph D. Leavitt*
JOSEPH D. LEAVITT

4